**Clara BROWN, Plaintiff-Appellant,**

v.

**Odell PRITCHETT,
Defendant-Respondent.**

**No. 43739.**

Missouri Court of Appeals,
Eastern District,
Division Four.

April 27, 1982.

Raymond Howard, St. Louis, for plaintiff-appellant.

A. E. Nick, Easton Randolph, Jr., Ferguson, for defendant-respondent.

SMITH, Presiding Judge.

Plaintiff appeals from the action of the trial court in granting defendant Pritchett's motion to set aside the judgment and enter judgment in accord with Pritchett's motion for directed verdict at the end of the evidence. Plaintiff brought his action in two counts. Count I was directed against Odell Pritchett for fraudulent misrepresentation concerning installation of a new roof on a house in Berkeley purchased by plaintiff. Pritchett was the real estate agent who handled the sale of the house to plaintiff. Count II was against the roofing contractor, Cosby, for breach of contract. A default judgment was entered against the contractor and that judgment is not before us for review.[1] The jury returned a verdict against defendant for actual damages of $7300 and punitive damages of $2500. We affirm.

The elements of fraud have been often set forth and need not be repeated here. *See Cantrell v. Superior Loan Corp.,* 603 S.W.2d 627 (Mo.App.1980) [2–5]. Each element must be established in order for plaintiff to recover. The evidence to support an inference of fraud must arise above mere suspicion and point logically and convincingly to that conclusion. Fraud is never presumed. *Cantrell v. Superior Loan Corp., supra.*

Plaintiff's theory was that defendant represented to plaintiff that a new roof was installed on the house in compliance with her sale contract and that the representation was knowingly false. It is doubtful that the evidence is sufficient to support a conclusion that the statement was false, and it is clearly insufficient to support a conclusion that defendant knew it was false.

At the time the sale contract was entered into defendant represented that he would

---

1. Hereinafter "defendant" will refer to Pritchett.

have a new roof put on and then called plaintiff prior to closing to advise her the roof had been installed.[2] Plaintiff's sale contract, as accepted by the sellers, provided for a new roof. The sellers entered into a contract with Cosby which included a provision to "remove existing roof and install new three-in-one two hundred forty pound self-sealing shingle roof, including hips and ridges and total area over sun porch." The contract with Cosby provided for a 15 year guaranty on materials and three-year guaranty on workmanship. It further provided: "All work subject to passing Berkeley Inspection Department and providing agent with compliance report, Berkeley Inspection Department." The original inspection report made by the City of Berkeley after execution of the sale contract included a statement "Roof leaking, needs to be recovered with an approved roof covering." Subsequently, a certificate of compliance was issued by the Director of Public Works certifying that another inspection had been made by the City Engineer and there were no visible violations of the City building code.[3] This certificate was issued prior to the closing of the sale contract. The roofing contractor was paid in full for his work under his contract. Plaintiff's expert, who made repairs to the roof after plaintiff moved in and experienced leakage, testified that some of the roof shingles appeared to be older than others but he was unable to say that "it wasn't new." The thrust of his testimony was the "roof was not put on properly." Plaintiff testified that when she first saw the house the roof shingles had a reddish cast and that when she moved in they had a bluish cast. Plaintiff also testified that the roofing contractor told her in a phone conversation "that he did not put a new roof on, that he was not paid to put a new roof on." His contract was to the contrary of what he said. The only evidence which purported to tie Pritchett to the contractor's failures was Cosby's ambiguous state-ment in the same telephone conversation "to call Mr. Pritchett because Pritchett knew that he did the job that he was paid to do."

Pritchett's testimony was that he saw the work being done, that he examined the roof with the Berkeley engineer at the time of the final inspection, and that a new roof had been installed.

Even ignoring Pritchett's testimony the evidence established that the sellers employed Cosby to put a new roof on the house, that Cosby was paid for the work, that the original City inspection indicated the need for a new roof, that the City issued a certificate of compliance after Cosby finished his work, and that Pritchett was aware of these facts. Plaintiff's evidence established at best that Cosby improperly installed a roof and that he may have utilized old shingles, in part, to do so. There is no clear probative evidence establishing that in fact a new roof was not installed and no evidence that if it was not that Pritchett knew it was not. The evidence does not point logically and convincingly to fraud.

The trial court did not err in granting defendant's motion for judgment.

Judgment affirmed.

SATZ and PUDLOWSKI, JJ., concur.

---

2. Our review is based upon the evidence most favorable to plaintiff. Some of it was disputed.

3. The engineer testified that he would not have issued the certificate of compliance unless all items referred to in the original inspection report had been corrected.